IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KEITH OWENS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 3:22-cv-394–HEH |
| | ) |
| HAROLD CLARKE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**
(Denying Motions)

Keith Owens ("Petitioner") is a Virginia state prisoner proceeding *pro se* and brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 4) challenging his conviction in the Circuit Court of Brunswick County, Virginia ("Circuit Court"). In his § 2254 Petition, Owens argues that he is entitled to relief based upon the following grounds:[1]

Claim One: "Violation of 6th Amendment right to the effective representation of counsel." (*Id.* at 5.)

Claim Two: "Violation of 5th, 6th, and 14th Amendment right to representation, fair trial, due process, and equal protection of laws." (*Id.* at 7.)

Respondent Harold Clark ("Respondent") initially moved to dismiss the § 2254 Petition as untimely or as procedurally defaulted, in the alternative. (ECF No. 15 at 3–8.)

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in quotations from Owens' submissions.

However, on September 19, 2022, the Court received a letter from Petitioner asking the Court to stay the proceedings. (ECF No. 18.) Petitioner indicates that:

> [t]he Va. Supreme Court has reversed their judgment that previously found my state writ untimely and restored that action to the docket. Therefore, while I exhaust my newly available state court remedies, I would ask this Court to abate all action on my federal habeas until resolution of the state court proceedings.

(*Id.* at 1.) In response, Respondent filed a second Motion to Dismiss on the grounds that the § 2254 Petition is unexhausted. (ECF No. 21 at 3–4.) Owens has filed a response (ECF No. 22.) and this matter is now ripe for review.

## I. PROCEDURAL HISTORY

Following a guilty plea, the Circuit Court convicted Owens of four drug distribution offenses and two firearm offenses. (ECF No. 15-1 at 1–2.) By Order entered November 21, 2019, the Circuit Court sentenced Owens to an active term of seventeen years of incarceration for the drug and firearm offenses. (*Id.* at 2, 4.)[2] Owens did not appeal.

On November 17, 2021, Owens filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. (ECF No. 15-2.) On January 25, 2022, the Supreme Court of Virginia denied Owens' petition for a writ of habeas corpus because it was untimely.

---

[2] Owens had prior convictions from 2014 for which he had received partially suspended sentences. The Circuit Court revoked a previously imposed suspended sentence of four years, and only resuspended one year of that sentence, leaving Owens with an active sentence of three years in addition to the twenty years for the 2019 convictions. (*See* ECF No. 15-1 at 3.) From his current § 2254 Petition, it is unclear exactly which convictions Owens challenges.

2

(ECF No. 15-3.) On March 25, 2022, the Supreme Court of Virginia denied Owens' motion for reconsideration of the judgment. (ECF No. 15-4.)

Owens filed his § 2254 Petition in this Court on or around May 19, 2022. (ECF No. 1 at 13.) However, Owens clearly continued to litigate his habeas petition in the state courts. On September 12, 2022, the Supreme Court of Virginia granted Owens' "motion to correct, amend or reverse judgment nunc pro tunc" and "the petition for a writ of habeas corpus [was] returned to the docket of pending cases." (ECF No. 21-1 at 1.) The action remains pending before the Supreme Court of Virginia.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

### A. Applicable Law

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the

3

statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "opportunity" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 995–96 (4th Cir. 1994).

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code § 8.01–654(A)(1) (2022). "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately

4

must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them." *Banks v. Johnson*, No. 3:07cv746–HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (first alteration in original) (quoting *Graham v. Ray*, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005)); *see also Sparrow*, 439 F. Supp. 2d at 587.

### B. The § 2254 Petition is Unexhausted

The record clearly shows that even if Owens has presented all of the claims he raises in the instant § 2254 Petition to the Supreme Court of Virginia, he has not received a ruling from that court on those claims because that court has restored his habeas petition to the active docket on September 21, 2022. *See Sparrow*, 439 F. Supp. 2d at 587; (ECF No. 21-1). Thus, Owens' claims are unexhausted and barred from review at this juncture.

### C. The Court Will Deny the Stay and Motions to Dismiss

Owens simply cites his own convenience as the basis for his request of a stay. Owens states that "[i]n the event that the state court denies my petition on the merits, my federal petition can resume at the same place in the proceedings." (ECF No. 22 at 3.) However, even Owens admits the inaccuracy of that statement as he contends that Respondent's "position [will be] moot as a matter of law" if the Supreme Court of Virginia reviews the merits of his claims because they will no longer be unexhausted. (*Id.*) Owens personal convenience is not sufficient to support a stay at this juncture.

Respondent initially argued that Owens' § 2254 Petition was untimely. However, after the Supreme Court of Virginia reopened Owens' state habeas proceeding, his

5

argument for dismissal changed because Owens had failed to exhaust his claims. Respondent is correct that Owens' claims are unexhausted. Nevertheless, after the conclusion of the state court habeas proceedings, if Owens properly exhausts his claims, this Court may then be required to review the merits. However, at this juncture, the Court will not dismiss the action based on procedural defenses. Accordingly, the Court will deny both of Respondent's Motions to Dismiss and Petitioner's Motion to Stay.

Nevertheless, the Court will keep the action on the active docket for a limited period of time while Owens pursues his state court remedies. Within ninety (90) days of the date of entry hereof, Owens must provide the Court with an update of the status of his habeas proceedings in the Supreme Court of Virginia. Within thirty (30) days of the conclusion of his state habeas proceedings, Owens must complete and submit a new standardized form for filing a § 2254 petition that specifically identifies each conviction that he challenges and contains all the claims he wishes to raise. The failure to provide a status update within ninety (90) days or to file a new § 2254 petition on the standardized form within thirty (30) days of the conclusion of the state proceedings will result in dismissal of the action without prejudice.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motions to Dismiss (ECF Nos. 13, 21) will be denied without prejudice. Owens' request to stay (ECF No. 18) will be denied. The Clerk will be directed to send Owens a standardized form for filing a § 2254 petition

and shall write the civil action number for the present action on the form.

An appropriate Order will accompany this Memorandum Opinion.

                                                      /s/
                            Henry E. Hudson
Date: Oct. 26, 2022     Senior United States District Judge
Richmond, Virginia